UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10-CR-00090 |
|---|---|---|
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MARK FOURTOUNIS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on motion by defendant Mark Fourtounis ("Fourtounis") seeking to expunge and seal his criminal record (Doc. No. 31 ["Mot."].)[1] For the reasons set forth herein, defendant's motion to expunge his record is DENIED.

I.  BACKGROUND

On February 24, 2010, the United States filed an indictment charging Fourtounis with fifteen counts of tax evasion in violation of 26 U.S.C. § 7201. (Doc. No. 1.) All charges related to Fourtounis's preparation and filing of false and fraudulent employer's quarterly federal tax returns. The government filed a superseding indictment on June 23, 2010, alleging similar charges. (Doc. No. 15.) On August 23, 2010, as the result of a plea deal with Fourtounis, the government filed a superseding information that reduced the charges to a single count in violation of 26 U.S.C. § 7202. (Doc. No. 20.) Fourtounis pled guilty under a written plea agreement on August 26, 2010. (Doc. No. 22.) This Court accepted Fourtounis's guilty plea in open court. (Minutes of

---

[1] Defendant captioned his filing as, "Defendant's Petition for Expungement/Sealing of Record Pursuant to United States v. Carey and the Sixth Amendment to the US Constitution." The Court construes this filing as a motion to expunge.

Proceedings, 8/26/2010.) Fourtounis's sentence included three years of probation and restitution in the amount of $8,400.20. (Doc. No. 27.) Fourtounis has since paid the restitution and otherwise satisfied his judgment. (Doc. No. 29.)

On June 16, 2016, almost six years after his plea, Fourtounis filed the present motion to expunge and seal his criminal record. The government opposed the motion, (Doc. No. 33 [Opp'n]) and Fourtounis filed a reply to the government's opposition (Doc. No. 34 [Reply]).

## II. DISTRICT COURT JURISDICTION OVER MOTIONS TO EXPUNGE

Before the Court may entertain a motion to expunge, the Court must find that it has authority to provide the requested relief under either a statute or the narrow doctrine of ancillary jurisdiction. *See United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010). Federal courts are courts of limited jurisdiction and may not expand their jurisdictional authority beyond that which is granted to them by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The party moving to expunge has the burden of establishing a federal court's jurisdiction. *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).

Certain federal statutes explicitly permit the expungement of criminal records under limited circumstances. *Lucido*, 612 F.3d at 874; *see* 18 U.S.C. § 3607(c), 21 U.S.C. § 844a(j) (Controlled Substances Act); 34 U.S.C. § 12592 (formerly cited as 42 U.S.C. § 14132), 10 U.S.C. § 1565(e) (certain DNA records). However, there is no federal statute granting district courts the general authority to expunge valid criminal convictions. *United States v. Belfer*, No. 1:62-CR-321, 2018 WL 3374069, at *2 (N.D. Ohio July 11, 2018) (citing *United States v. Welch*, No. 1:05–cr–158, 2007 WL 4465256, at *1 (W.D. Mich. Dec. 18, 2007)).

The only other means by which this Court may entertain defendant's motion to expunge is under ancillary jurisdiction. Federal courts have ancillary jurisdiction over proceedings that are related to, but technically separate from, the original case over which the court had subject-matter jurisdiction. *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014). Relevant here, a court may assert ancillary jurisdiction over a proceeding if doing so enables a court "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 380; *see United States v. Smith*, No. 1:05–cr–286, 2010 WL 2802274, at *1 (W.D. Mich. July 15, 2010).

Ancillary jurisdiction is governed by case law. *Field*, 756 F.3d at 914 (citing *Kokkonen*, 511 U.S. at 379–80). A district court's ancillary jurisdiction over motions to expunge is limited. As such, the Sixth Circuit has held that district courts may exercise ancillary jurisdiction over motions to expunge that "challenge an unconstitutional conviction . . . or [a motion] otherwise based upon a constitutional claim," but not motions based on purely equitable considerations. *Field*, 756 F.3d at 915–16; *see, e.g.*, *Belfer*, 2018 WL 3374069, at *2. "But even where a motion for expungement . . . challenges an unconstitutional conviction . . . the assertion of ancillary jurisdiction must enable the court to 'manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Field*, 756 F.3d at 916. Thus, in order to expunge a conviction under ancillary jurisdiction, the district court must find that (1) the motion to expunge raises a valid constitutional claim, *and* (2) granting the motion enables the court to manage its proceedings, vindicate its authority, or effectuate its decrees. *United States v. Deer*, 249 F. Supp. 3d 876, 877 (N.D. Ohio 2017) (citing *Field*, 756 F.3d at 916).

Even if a district court can invoke proper ancillary jurisdiction over a motion to expunge, expunging a defendant's criminal record is a "narrow, extraordinary exception," one "appropriately used only in extreme circumstances." *United States v. Smith*, 940 F.2d 395, 396

3

(9th Cir. 1991) (per curiam). Few circumstances have been considered extreme enough to warrant expungement. "A district court's ancillary expungement power is rarely exercised, and courts 'have most readily invoked [this] power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct.'" *Belfer*, 2018 WL 3374069, at *2 (quoting *United States v. Robinson*, No. 94-1945, 1996 WL 107129, at *2 (6th Cir. Mar. 8, 1996)). After *Field*, the types of cases where a district court may expunge convictions are convictions that, "never should have been entered in the first place." *Deer*, 249 F. Supp. 3d at 877.

"Courts have not granted expungement based on the inability to obtain employment, to legally possess a firearm, or to become a lawful citizen of the United States . . . ." *United States v. Barrow*, No. 93-CR-81042, No. 08-CV-10111, 2009 WL 3059154, at *12 (E.D. Mich. Sept. 24, 2009). Moreover, alleged ineffective assistance of counsel does not "rise to the level of severity necessary to warrant expungement." *United States v. Saah*, No. 98-80504, 2007 WL 734984, at *2 (E.D. Mich. Mar. 8, 2007); *see also Barrow*, 2009 WL 3059154, at *12–13 (finding defendant's allegations—including ineffective assistance of counsel—were not extreme circumstances warranting expungement).

### III. DISCUSSION

In his motion to expunge, Fourtounis does not attempt to vacate his conviction, but "merely seek[s] relief from the consequences of the conviction." (Mot. at 121.[2]) To seek relief through expungement, Fourtounis attempts to raise a constitutional claim, asserting his Sixth Amendment right to effective assistance of counsel was violated during his prosecution—specifically during

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

4

his plea agreement. (*Id.* at 122–23.) Again, Fourtounis does not challenge his conviction. (*Id.* at 122.) Instead, his expungement argument rests on his claim that his constitutional rights were violated by his counsel in the course of prosecution. (*Id.* at 122–23.) In essence, defendant argues that because of unconstitutionally ineffective counsel, he pled guilty, and he now suffers the collateral consequences of being a felon. Fourtounis maintains that he would not have taken the plea if not for his counsel's unconstitutional actions. (*Id.* at 123.) Defendant argues that his circumstances are extreme and warrant expungement. (Reply at 144.)

The government contends that Fourtounis's motion is really a collateral attack on his conviction, which should have been brought as a Section 2255 post-conviction petition. (Opp'n at 129, 133–35.) However, Fourtounis states plainly throughout his motion that he is not seeking to vacate the conviction. (Mot. at 121–23; Reply at 144–45.) Aligning with Sixth Circuit precedent, the Court will not consider Fourtounis's motion a collateral attack. *United States v. Carey*, 602 F. 3d 738, 740 (6th Cir. 2010) (finding defendant's motion to expunge was not a collateral attack on the conviction when defendant admitted validity of conviction and stated he was not attacking the validity of the conviction).

Having determined Fourtounis's motion can proceed as a motion to expunge, the Court must determine whether it has jurisdiction to consider the motion. As discussed, in order to expunge a conviction under ancillary jurisdiction, the district court must find that (1) the motion to expunge raises a valid constitutional claim, *and* (2) granting the motion enables the court to manage its proceedings, vindicate its authority, or effectuate its decrees. *Deer*, 249 F. Supp. 3d at 877 (citing *Field*, 756 F.3d at 916).

Here, Fourtounis includes a constitutional Sixth Amendment claim in his motion, clearly in attempt to pass the first hurdle. The Sixth Circuit has not addressed whether an ineffective

5

assistance of counsel claim is the type of "constitutional claim" it had in mind to invoke ancillary jurisdiction. However, in *Field*, the Sixth Circuit considered an illegal arrest allegation to be a "constitutional claim" that invoked ancillary jurisdiction. Thus, this Court considers defendant's ineffective assistance of counsel claim to be a constitutional claim that satisfies the first prong for ancillary jurisdiction over a motion to expunge.

As to the second prong, the Court finds it has no jurisdiction to expunge Fourtounis's conviction. Nearly eight years have passed since Fourtounis entered his guilty plea and this Court entered its final judgment. Almost six years passed after the case concluded before Fourtounis brought this claim. It is hard to see how exercising jurisdiction now would "enable the [C]ourt to manage its proceedings, vindicate its authority, and effectuate its decrees." *Deer*, 249 F. Supp. 3d at 877 (finding the Court lacked jurisdiction under the second prong because ten years had passed since the case concluded).

Moreover, the Court finds that even if it could assert proper ancillary jurisdiction, defendant's circumstances do not rise to the level of severity necessary to warrant expungement. First, Fourtounis does not allege that his conviction is unconstitutional. He does not argue that the conviction is illegal, that the violated statutes are now unconstitutional, or that the government procured the conviction through misconduct. Rather, Fourtounis claims that his counsel was ineffective during the pleading stage, and thus, he should be relieved from all of the collateral consequences of his guilty plea.

Defendant does not cite any case law or other authority supporting his assertion that his guilty plea, based on the alleged ineffective assistance of his counsel, rises to the level of an "extreme circumstance" warranting expungement. Conversely, other courts examining similar circumstances have found alleged ineffective assistance of counsel does not "rise to the level of

severity necessary to warrant expungement." *Saah*, 2007 WL 734984, at *2; *Barrow*, 2009 WL 3059154, at *12–13 (finding defendant's allegations—including ineffective assistance of counsel—were not extreme circumstances warranting expungement); *United States v. Partlow*, No. CR 98-0378, 2011 WL 2940665, at *2 (N.D. Cal. July 21, 2011) (citing *Saah*, 2007 WL 734984, at *2).

Further, the adverse collateral consequences that Fourtounis cites are his inability to possess a gun for hobby hunting with his father, and his inability to coach or otherwise volunteer for a number of youth sports and other activities.[3] Employment hardships, denied gun possession, and inability to participate in certain community activities do not warrant expungement under Sixth Circuit case law. *See, e.g.*, *United States v. Williams*, Case No. 1:04-cr-126(14), 2015 WL 13528895, at *2 (S.D. Ohio Mar. 10, 2015) (holding that defendant's desires to pursue further education and to volunteer in the community were not "extreme circumstance[s] warranting expungement of [defendant's] valid conviction"); *Carey*, 602 F.3d at 740–41 (denying motion to expunge because prohibition on felon's gun possession does not violate the Second Amendment); *Cline v. United States*, No. 2:93-CR-00094, 2009 WL 2475264, at *1 (S.D. Ohio Aug. 12, 2009) ("[E]fforts to obtain gainful employment and higher education are laudable, [but] they do not create an 'extreme circumstance' warranting the use of the Court's expungement power.")

For these reasons, the Court finds that Fourtounis's hardships do not create the extreme circumstances warranting expungement.

---

[3] The Court notes that Fourtounis was able to volunteer at the Broadview Heights Recreation Department, (Reply at 144), and was able to reestablish his professional business (Mot. at 124).

## IV. CONCLUSION

For the reasons set forth herein, defendant's motion to expunge and seal his criminal conviction and record (Doc. No. 31) is DENIED.

**IT IS SO ORDERED**.


Dated: November 30, 2018

                **HONORABLE SARA LIOI**
                **UNITED STATES DISTRICT JUDGE**